## DORRIS *v.* RICE.

ANIMALS—BREEDING CONTRACT—RIGHT TO OFFSPRING.

> Where plaintiff paid for the use of a stallion pursuant to an agreement with the owner of a mare that he should have a half interest in the colt when old enough to wean, he was entitled to recover his interest as against defendant, who bought the mare before the colt was dropped, with full notice of plaintiff's rights.

Error to Calhoun; Hopkins, J. Submitted April 10, 1906. (Docket No. 32.) Decided July 23, 1906.

Trover by J. Dwight Dorris against Morton D. Rice. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Winsor & Miller*, for appellant.

*Marc A. Merrifield* (*John C. Patterson*, of counsel), for appellee.

MOORE, J.    The plaintiff recovered a judgment of $21.80.    The case is brought here by writ of error.

The court charged the jury in part as follows:

"This case is what is known in law as an action in trover and is brought by the plaintiff, J. Dwight Dorris, to recover from the defendant the value of an undivided one-half interest in a certain colt foaled of a mare owned by the defendant, and brought under an alleged agreement made between the plaintiff and Freeman Palmer, who was at that time the owner of the mare, and by the terms of which agreement the plaintiff was to pay for the services of the horse, and was to have a half interest in the colt at the time it was old enough to be weaned.

"You are instructed that this was a proper and legal contract to have been made by the parties, and in case you find such a contract to have been made, it would be binding upon the plaintiff and Mr. Palmer, the parties to such agreement.    You are further instructed that the defendant would be bound by this agreement between the plaintiff and Mr. Palmer, provided he knew of the agreement under which the mare was bred, or provided he had such notice relative to the agreement as would put a reasonably careful man upon inquiry as to the terms of such contract.    If he knew of such contract or had notice such as would have put him on inquiry regarding such contract or agreement relative to the breeding of the mare, then he is bound by it, and under the proofs in this case you should find a verdict for the plaintiff.

"If the defendant did not know of the alleged agreement and didn't have notice regarding such agreement which should have put him upon inquiry regarding such agreement, you should then find for the defendant."

There are a good many assignments of error, most of which relate to a proposition stated by counsel as follows:

"There was no sale and could have been no sale of the colt or any interest in the same at this time, before the mare was bred, as there was no colt in existence to be the subject of sale.    The mare had not been bred, and it was uncertain that when bred she would be put in foal.

" 'It is essential to the validity of every executed contract of sale that there should be a thing or subject-matter to be contracted for.' *Bates* v. *Smith*, 83 Mich. 347, 350."

There is language used in the case cited which tends to support the contention of counsel for appellant. An examination of the case, however, will show it was not necessary to the decision. In that case, unlike the one at bar, it was shown that defendant was a bona fide purchaser of the mare without notice of the agreement it was claimed was made, when she was bred. In the case at bar the proofs disclosed, and the jury found, defendant knew about the agreement when he purchased the mare about five weeks before the colt was dropped. The original parties to the agreement never questioned it. On the contrary, when Mr. Palmer sold the mare to the defendant's grantors, he expressly reserved a one-half interest in the colt, so the arrangement made between him and the plaintiff should be carried out.

The record shows that when the mare was bred defendant Rice had her upon an agreement to keep her for her use. After Mr. Palmer sold her Mr. Rice continued to keep her for her new owners, under a like agreement. When she was sold to Mr. Rice, one of the grantors says, no reservation was made because Mr. Rice, who had possession of her all the time, assured him she was not with foal, and so he did not deem it necessary to make the reservation. It must be borne in mind that defendant purchased the mare only five weeks before the colt was dropped, and, according to the findings of the jury, which is supported by the evidence, with full knowledge of the agreement. This makes a very different case from *Bates* v. *Smith*, supra. See *Dickey* v. *Waldo*, 97 Mich. 255 (23 L. R. A. 449), in which *Bates* v. *Smith* is criticised, and the many cases cited therein; Story on Sales, § 185; *Hull* v. *Hull*, 48 Conn. 250; *Fonville* v. *Casey*, 1 Murph. (N. C.) 389; *McCarty* v. *Blevins*, 5 Yerg. (Tenn.) 195.

Error is assigned upon the admission of testimony from a witness as to the value of the colt, when it is said the witness was not competent to express an opinion. This testimony was cumulative, and even if the witness was

not competent to express an opinion, it is evident from the amount of the verdict that his testimony did no harm. The other assignments of error have been examined. We deem it unnecessary to discuss them.

Judgment is affirmed.

CARPENTER, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.